CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 31, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CALEB BLANKENSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26-cv-00298 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JUDGE ANDREW JOHNSON, *et al.*, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

---

Plaintiff Caleb Blankenship, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Judge Andrew Johnson, Tyler Adams, Kevin Dotson, Dennis Heath Kiser, and Cassie Carnes. (*See* Compl. [ECF No. 1].) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's allegations fail to state a claim.

In his complaint, Plaintiff alleges as follows:

> I've had charges out of Wise County for the last 2 years and the Judge has something against me[] because I was told by different lawyers that the Judge hates me!
>
> I had minor charges and I get put in jail for months and I've seen the same Judge dismiss people'[s] charges that ha[ve] major felony charger [*sic*] and not spend a single day in jail for their crimes!

(Compl. at 3.) In terms of relief, Plaintiff states that he is "look[ing] to settle for $150,000 out of [the] Wise County Court House." (*Id.* at 4.)

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the

complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prisoner complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files his complaint *pro se*, the court construes the allegations in his favor liberally and should not dismiss his claim unless "it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims appear to arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011)

(quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Here, even liberally construing Plaintiff's complaint in his favor, Plaintiff has failed to allege facts that would show that any defendant violated his constitutional rights, and the court must therefore dismiss his claims.

As noted, Plaintiff has sued Judge Andrew Johnson,[1] who presumably presided over the criminal proceedings Plaintiff references in his complaint. (*See* Compl. at 2–3.) But Plaintiff's claim against Judge Johnson must fail. "[J]udges enjoy absolute immunity from civil suit, even if the judge is accused of acting maliciously or corruptly." *Blackwell v. Stiltner*, No. 7:24-cv-00271, 2024 WL 4638800, at *1 (W.D. Va. Oct. 30, 2024) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). "The only exceptions to this immunity involve actions taken outside [a judge's] judicial role or those taken without jurisdiction," *id.*, and neither exception applies here. Thus, Plaintiff's claim against Judge Johnson will be dismissed.

Plaintiff has also failed to state adequate claims for relief against the other Defendants. As noted, Plaintiff has sued Tyler Adams, Kevin Dotson, Dennis Heath Kiser, and Cassie Carnes. (*See* Compl. at 1.) But Plaintiff fails to identify which of these Defendants engaged in which allegedly wrongful acts, and, aside from a general listing of them on a form complaint, fails to mention them at all in his pleading. (*See id.*) Plaintiff cannot rely merely on the allegation that "defendants" violated his rights without specific allegations as to each of their conduct that allegedly gives rise to liability. *See, e.g.*, *Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 505 F. Supp. 3d 570, 581–82 (M.D.N.C. 2020) ("In an action against multiple

---

[1] The court understands Judge Johnson to serve on the Wise/Norton General District Court. (*See* Compl. at 2.)

defendants, a complaint must state facts that support a cause of action against each individual defendant. Blanket conclusory allegations as to multiple defendants are insufficient. A plaintiff cannot rely on bare allegations relating to the conduct of all defendants to hold a defendant liable, but must identify specific acts or conduct taken by each defendant to state a claim." (cleaned up)). As Plaintiff has failed to adequately state any claims against Defendants, the court will dismiss this action.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 31st day of August, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE